IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOBAL DOMINGUEZ AMADOR,

    Petitioner,

v.                                                                                                No. 1:25-cv-01161-MLG-GBW

GEORGE DEDOS, in his official capacity as
Warden of Torrance County Detention Center;
MARY DE ANDA-YBARRA, in her official
capacity as Field Office Director of the
Immigration and Customs Enforcement,
Enforcement and Removal Operations Torrance
County Detention Center; TODD LYONS,
Acting Director of U.S. Immigration and Customs
Enforcement; KRISTI NOEM, in her official
capacity as Secretary of the U.S. Department of
Homeland Security; and PAMELA BONDI, in her
official capacity as Attorney General of the United
States,

    Respondents.

## ORDER FOR SERVICE AND TO SHOW CAUSE

Petitioner Christobal Dominquez Amador seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody. Doc. 1 at 3 ¶ 9, 16 ¶¶ 4, 6-7. He also requests declaratory relief, attorneys' fees and costs, and an order enjoining Respondents from "further unlawfully detaining" him. *Id*. at 16 ¶¶ 3, 5, 8. Having reviewed the current filings, it does not appear that Petitioner has served any of the respondents in this matter.[1]

---

[1] The Court's obligation to serve typical habeas corpus petitions stems from the Rules Governing Section 2254 Cases and Section 2255 Proceedings. For example, Rule 4 of the Rules Governing Section 2254 Cases requires "the clerk [to] serve a copy of the petition and any order on the respondent[.]" Similarly, the in forma pauperis statute provides a basis for court-supplied service of process. *See* 28 U.S.C. § 1915(d). Here, however, Petitioner does not seek relief under 28 U.S.C. §§ 2254, 2255, or 1915. The Petition invokes the Court's authority to issue a writ under 28 U.S.C.

Accordingly, the Court directs Petitioner to effectuate service of the Complaint and Petition for Writ of Habeas Corpus and Injunctive Relief, Doc. 1, and this Order on Respondents within five days.[2] Petitioner shall file proof of service in conformity with the requirements of Federal Rule of Civil Procedure 4. Respondents are ordered to respond to the Petition and show cause why it should not be granted within three days of receipt of service. *See* 28 U.S.C. § 2243.

The Court will set a hearing within five days after Respondents file their response, unless good cause is shown for additional time.[3] *Id.* If Petitioner desires to file a reply, he must do so within three days of the filing of any response.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

§ 2241. *See* Doc. 1 at 3 ¶ 9. Accordingly, the Federal Rules of Civil Procedure, including the service provisions of Rule 4(i), govern this case. *See* Fed. R. Civ. P. 81(a)(4).

[2] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[3] The Court generally does not permit remote appearances. So, all interested counsel must appear for any hearings in person.